# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Filed: June 8, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * | | |
| DONATA TINA BUSSA, | * | |
| *executor of the estate of* | * | UNPUBLISHED |
| ANDREW BUSSA, *deceased*, | * | |
| | * | No. 15-202V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for Dismissal; |
| AND HUMAN SERVICES, | * | Insufficient Proof; Influenza ("Flu") |
| | * | Vaccination; Guillain-Barré |
| Respondent. | * | Syndrome ("GBS"); Alternative |
| * * * * * * * * * * * * * * * * * | | Causes; Severity Requirement. |

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for petitioner.
Adriana R. Teitel, United States Department of Justice, Washington, DC for respondent.

## DECISION ON ENTITLEMENT[1]

On March 2, 2015, Andrew Bussa ("Mr. Bussa") filed a claim in the National Vaccine Injury Compensation Program.[2] He alleged that as a result of receiving an influenza ("flu") vaccination on October 24, 2013, he developed Guillain-Barré Syndrome ("GBS"), with residual effects lasting for more than six months. Petition (ECF No. 1); Amended Petition (ECF No. 21). After Mr. Bussa passed away on February 1, 2016, Ms. Donata Tina Bussa, as executor of his estate, was substituted as the petitioner. See Order (ECF No. 46).

On June 6, 2018, petitioner filed a motion for a decision dismissing this claim. Petitioner's Motion (ECF No. 68). The motion provides that petitioner has been unable to secure further evidence required by the Court to prove entitlement to compensation in the Vaccine Program. Petitioner is aware that a decision by the special master dismissing the petition will

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

result in a judgment against petitioner and will end all of petitioner's rights in the Vaccine Program. Id. Petitioner intends to protect her rights to file a civil action in the future. Therefore, pursuant to 42 U.S.C. § 300aa-21(a)(2), petitioner intends to elect to reject the Vaccine Program judgment and to file a civil action. Id. at 2. This matter is now ripe for review.

Under the Vaccine Act, the Program may not award compensation solely based on a petitioner's own claims. Rather, a petitioner must support his claim with either medical records or the opinion of a competent physician. §13(a)(1). Several challenges to petitioner's claim have been apparent over the past three years it has been pending. The first challenge would be to establish whether Mr. Bussa actually developed GBS, considering that his symptoms had a rapid onset and then improved without receipt of the usual treatments for GBS, namely, intravenous immunoglobulin ("IVIG") and/ or plasma exchange. Mr. Bussa's symptoms may be alternately explained by a posterior circulation stroke or a transient ischemic attack ("TIA"). If petitioner established that Mr. Bussa did have GBS, a further challenge would be to establish that he experienced the residual effects of GBS for at least six months. This would necessitate addressing whether Mr. Bussa's increased fatigue and weakness were more likely related to his numerous preexisting comorbidities. However, the medical records reflect that Mr. Bussa complained about dizziness, weakness, and fatigue prior to receiving the vaccination.

In this case, there is insufficient evidence by way of either medical records or expert opinion to carry petitioner's burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/ Thomas L. Gowen</u>
Thomas L. Gowen
Special Master